WO

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Xavier Sanchez, | No. CV-15-01591-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Arizona Board of Regents, et al., | |
| Defendants. | |

Pending before the Court is the Arizona Board of Regents ("ABOR"), et al. (hereafter "Defendants")s' motion to dismiss. (Doc. 12). Following a hearing on Thursday, November 5, 2015, the Court denied Plaintiff Xavier Sanchez's motion for a temporary restraining order and preliminary injunction, (Doc. 13), concluding that the Court was precluded from exercising jurisdiction over the matter pursuant to *Younger v. Harris*, 401 U.S. 37 (1971). The following order memorializes the Court's ruling, and addresses Defendants' motion to dismiss.

## I.

Plaintiff's request for declaratory and injunctive relief arises out of a disciplinary proceeding brought against Plaintiff by Arizona State University ("ASU"). Based on the Court's understanding of the facts, a complaint was lodged with the Dean of Students, alleging that Plaintiff—a college student currently enrolled at ASU—had violated "three provisions of the ABOR Student Code of Conduct." (Doc. 1 at 1). These alleged

violations stemmed from two separate incidents that occurred on September 19, and September 25, 2014. (*Id.* at 19). According to Arizona Board of Regents ("ABOR") policy, "[a] disciplinary investigation may be initiated by submitting a written referral to the Dean of Students." (Doc. 12-1 at 2).  ASU's Dean of Students, acting in conjunction with the Office of Student Rights and Responsibilities ("OSRR"), investigated the allegations, and Plaintiff was "notified . . . by letter" of the investigation on October 6, 2014. Following the investigation, the Dean of Students found, by a preponderance of the evidence, that Plaintiff's conduct had violated three provisions of the ABOR Student Code of Conduct. (Doc. 1 at 19).

On October 29, 2014, Plaintiff was notified by OSRR that he would be subject to a disciplinary sanction in the form of a finite suspension.[1] (Doc. 1 at 19). On November 30, 2014, Plaintiff filed a "timely written request for a hearing" to review the Dean's findings and recommended sanction, which automatically stayed implementation of the suspension "pending the outcome of the [review] hearing." (Doc. 12-1 at 5; ABOR Policy 5-403 § 12). ABOR policy establishes that when a student is found to have violated the Student Code of Conduct and faces disciplinary sanction in the form of suspension, expulsion, or degree revocation, he is entitled to a review by the University Hearing Board ("UHB"). (Doc. 12-1 at 5). The UHB is described as an "advisory" body "to the Vice President for Student Affairs, who will make the final decision" with respect to whether a violation of the Student Code of Conduct occurred, whether the student should be sanctioned, and to what degree. (*Id.*).

The UHB hearing contains many of the hallmark characteristics of a judicial proceeding. Students may obtain legal counsel. ASU has a representative arguing on the University's behalf.[2] ASU, the complainant, and the accused may all offer opening statements, present witnesses for questioning, and proffer evidence on their own behalf.

---

[1] The record is unclear as to whether the Dean of Students or OSRR recommended the disciplinary sanction.

[2] If either the accused or the complainant is represented by legal counsel, then ASU's "University Representative" may also be legal counsel. (Doc. 12-1 at 7).

(Doc. 12-1 at 7-8). Defendants acknowledge that the UHB reviews the findings of the Dean of Students and OSRR *de novo* and "[b]ased solely on upon the information presented during the hearing" determines whether a violation of the Student Code of Conduct occurred by a preponderance of the evidence. (*Id.* at 9). The UHB will then "formulate a recommendation [for] the Vice President of Student Affairs." The investigation phase and finding made by the Dean of Students as well as the UHB "review hearing" are referred to as "recommendation[s]." (*Id.*). No finding or disciplinary sanction is final until the Vice President for Student Affairs renders a determination.

Plaintiff's UHB hearing was initially set for April 3, 2015, (Doc. 1 at 9), but for a variety of reasons was continued to November 6, 2015. On August 17, 2015, Plaintiff filed suit in this Court, alleging that certain procedures ASU sought to impose on him at the UHB hearing were unconstitutional.[3] On November 4, 2015, Plaintiff filed a motion to enjoin ASU from carrying out the November 6 hearing. (Doc. 13). In the interest of efficiency and permitting both parties to turn their attention to the imminent UHB hearing, the Court ruled from the bench that it was precluded from exercising jurisdiction over the matter. The Court now sets forth the rationale in support of its ruling.

## II.

Defendants argue in their motion to dismiss, (Doc. 12 at 6), that even if Plaintiff "presented a ripe controversy within this Court's subject matter jurisdiction," the Court must refrain from hearing the case under *Younger*, 410 U.S. 71, a doctrine of abstention that is now known colloquially as "*Younger* abstention." The doctrine "is essentially a jurisdictional doctrine." *Canatella v. State of California*, 404 F.3d 1106, 1113 (9th Cir. 2005). While *Younger* "neither provides a basis for nor destroys federal jurisdiction, [it]

---

[3] Because the Court has concluded that it must refrain from exercising jurisdiction over the matter and must dismiss Plaintiff's complaint, the Court declines to further elaborate on the underlying facts. For purposes of this Order, it is sufficient to state that Plaintiff has alleged that ASU's student disciplinary proceedings violate the procedural due process protections enshrined in the Fourteenth Amendment to the United States Constitution.

does determine when the federal courts must 'refrain from exercising jurisdiction,'" *id.* (quoting *Gilbertson v. Albright*, 381 F.3d 965, 981 (9th Cir. 2004) (en banc)), based on "principles of comity" and "strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances." *Gilbertson*, 381 F.3d at 976 (quoting *Middlesex County Ethics. Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982)). Nonetheless, the Court must be mindful that "although there are limited circumstances in which such abstention . . . is appropriate, those circumstances are 'carefully defined' and 'remain the exception, not the rule.'" *Green v. City of Tucson*, 255 F.3d 1086, 1089 (9th Cir. 2001) (quoting *New Orleans Pub. Serv.*, *Inc. v. Council of New Orleans*, 491 U.S. 350, 359 (1989)) (internal quotation marks omitted).

When a *Younger* abstention inquiry pertains to a non-criminal state proceeding, the Court applies the three-part test set forth in *Middlesex*. *Gilbertson*, 381 F.3d at 977 (citation omitted). The Court must determine: (1) whether "the type of state hearings at issue constitute an ongoing state judicial proceeding"; (2) whether "the proceedings implicate important state interests"; and (3) whether there "is an adequate opportunity in the state proceedings to raise constitutional challenges." *Id.* at 973 (citing *Middlesex County Ethics. Comm.*, 457 U.S. at 432).

First, the Court must determine whether ASU's disciplinary system constitutes an "ongoing state judicial proceeding." Plaintiff asserts that it does not, arguing that "[t]here are no judges, marshals, subpoenas, formal discovery . . . or desperately thick, legal tomes brimming with statutes or procedural rules." (Doc. 16 at 9). The Court disagrees. In the interest of brevity, the Court will not compile an exhaustive list of the trial-like procedures that ASU's disciplinary system incorporates, and will restrict its discussion to several prominent characteristics. When a student seeks review of an adverse finding by the Dean of Students, the student will appear before a five-member panel, and may be represented by legal counsel. (Doc. 12-1 at 5). ASU is represented by a "University Representative," who may be an attorney under certain circumstances, (*id.* at 7) and the University has "the burden of showing that a violation of the Student Code of Conduct"

- 4 -

occurred by a preponderance of the evidence. (*Id.*) Each party may offer an opening statement, call witnesses, introduce documents and exhibits into evidence, and generally cross-examine witnesses who are called to testify. The student is also subject to tangible harm in the form of disciplinary sanctions, up to expulsion from the University. In short, the UHB hearing—and overall student discipline procedure—possesses many of the hallmarks of a civil trial. Importantly, the Ninth Circuit has held that when these circumstances are present—where legal representation at a hearing is present and tangible sanctions may be imposed—the adjudicatory hearing is both "quasi-judicial" and "quasi-criminal" and *Younger* applies. *See Baffert v. Cal. Horse Racing Bd.*, 332 F.3d 613, 617-18 (9th Cir. 2003). In the instant matter, such circumstances are present, and the UHB hearing constitutes an ongoing state judicial proceeding.

Progressing in the analysis, the Court has little difficulty finding that the "proceedings implicate important state interests." Generally, the state's interest in administering "quasi-criminal . . . proceedings without interference is . . . significant." *Baffert*, 332 F.3d at 618. And the quasi-criminal proceeding at issue is the disciplinary system established by ABOR, the governing body for Arizona's public universities. It is clear that the state has a strong interest in establishing a fair, transparent, and just disciplinary system to administer a Student Code of Conduct that applies to many students every single day. Furthermore, here, Plaintiff has alleged that certain procedural elements of this important system are constitutionally infirm. It is also clear that the state has a keen interest in ensuring that ABOR and ASU administrative procedures comply with the federal constitution.

Finally, the Court must determine whether Plaintiff has "an adequate opportunity in the state proceedings to raise constitutional challenges." *Gilbertson*, 381 F.3d at 973. The proceeding Plaintiff seeks to enjoin—the UHB hearing—is the intermediate level of ASU's disciplinary system. It is an "advisory" body, and the Vice President for Student Affairs makes the final determination as to whether a student violated ABOR's Student Code of Conduct, and if the student should be sanctioned. (Doc. 12-1 at 5). ABOR policy

establishes that following the UHB hearing, a student may request a review of the case from the Vice President for Student Affairs which "is not an appeal," but rather, "is an opportunity for the student to make the decision-maker aware of . . . illegalities in the proceedings . . . ." (*Id.* at 10). This includes whether UHB's decision was "contrary to law," ABOR Policy 5-403, § G (d), and Defendants concede that Plaintiff could raise his constitutional claims before the Vice President. Once the Vice President renders the final determination, he or she must "provide notice to the student and Complainant of the right to seek review pursuant to A.R.S. § 12-904." ABOR Policy 5-403, § F. Defendants further concede that ASU's adjudication of student discipline matters is subject to judicial review under the Arizona Administrative Review Act ("ARA"), A.R.S. § 12-901 *et seq*. (2012).[4] Under the ARA, Plaintiff may challenge both the decision itself and the procedures utilized by ASU. While the standard of review for administrative actions is generally whether the decision is "supported by substantial evidence," the reviewing court may not affirm a decision that is "contrary to law." A.R.S. § 12-910 (E). Defendants also concede that "contrary to law" includes any constitutional infirmity of ABOR's and ASU's procedures. Plaintiff is entitled to "an evidentiary hearing" at which he may present all "relevant and admissible exhibits and testimony" whether they were offered during the administrative hearing or not, and may lodge objections not preserved below. A.R.S. §§ 12-910 (A), (B). The Court finds that the state proceedings in place provide sufficient opportunity for Plaintiff to raise constitutional challenges to ASU's procedures.

Having reviewed the record, the Court concludes that because Plaintiff is subject to a state judicial proceeding that implicates important state issues and gives Plaintiff adequate opportunity to raise constitutional challenges, *Younger* abstention mandates that the Court refrain from hearing this case.

## III.

---

[4] Defendants conceded this point in both their brief and at oral argument.

The Court must now determine whether the appropriate action is to stay the case or grant Defendants' motion to dismiss. "When the Supreme Court has applied abstention principles to actions at law, it has only allowed stay orders, not orders dismissing the action entirely." *Gilbertson*, 381 F.3d at 981 (discussing *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 719-20 (1996)). But when declaratory relief or "an injunction is sought and *Younger* applies, it makes sense to abstain, that is, to refrain from exercising jurisdiction, *permanently* by dismissing the federal action because the federal court is only being asked to stop the state proceeding." *Id.* (emphasis in original). As Plaintiff's claim seeks only injunctive relief and reasonable attorney's fees, (Doc. 1 at 16), his "lawsuit does not involve a monetary claim." (*Id.* at 2). Specifically, the complaint "seeks only a judicial declaration that Defendants, while acting under color of state law, have violated [U.S. CONST. amend. XIV]." (*Id.*). Succinctly, "there is nothing more for the federal court to do" and dismissal "is appropriate." *Gilbertson*, 381 F.3d at 981.[5]

## IV.

Based on the foregoing analysis, the Court is precluded from exercising jurisdiction over the matter and Defendants' motion to dismiss must be granted.

Accordingly,

**IT IS ORDERED** that Defendants' motion to dismiss (Doc. 12) is hereby GRANTED. The Clerk of the Court shall enter judgment of dismissal without prejudice.

Dated this 10th day of November, 2015.

James A. Teilborg
Senior United States District Judge

---

[5] Consideration of Defendants' alternative argument—that Plaintiff's claim is not ripe—is therefore not necessary.